UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN B. YANCEY,

        Plaintiff,

  -v-

        DECISION AND ORDER
        12-CV-0986S

THE CITY OF BUFFALO (Mayor Byron Brown);
BUFFALO POLICE DEPARTMENT (Commissioner
Daniel Derenda); KIMBERLY A. SCHECTER-
Public Defender; and TERENCE B. NEWCOMB-Lawyer,

        Defendants.

---

## INTRODUCTION

Plaintiff, John B. Yancey, has now filed his second *pro se* action alleging a violation of his rights in relation to an arrest and conviction in this Court. Plaintiff, in essence, is alleging that he was wrongfully convicted and that the defendants sued herein conspired to get him convicted. For the reasons set forth below plaintiff's complaint is dismissed with prejudice. See *Hawkins-El v. AIG Federal Savings Bank*, 334 Fed.Appx. 394, 2009 WL 1703229 (2d Cir., June 18, 2009) (Summary Order) (" '[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances.' ") (quoting *Fitzgerald v. First East Seventh Street Tenants Corp.* 221 F.3d 362, 364 (2d Cir. 2000)).

## DISCUSSION

Plaintiff alleges that this case "began" on November 5, 2005, by a "jealous/vengeful person", who is not identified. A conversation about giving money to a

child that plaintiff was to meet later that day led to a "911" call and a criminal complaint alleging that plaintiff pointed a loaded rifle at someone in their bedroom and threatened to kill that other person.[1] The complaint was dismissed in state court and the gun was sent to the Bureau of Alcohol, Tobacco and Fireamrs ("ATF"). Plaintiff's apartment was searched and "ransacked" by the police--presumably officers of defendant Buffalo Police Department, who were sued in plaintiff's first action--and plaintiff claims there was no "case" before the police unlawfully searched his apartment and obtained evidence. A warrant was obtained from this Court (Hon. H. Kenneth Schroeder, U.S. Magistrate Judge) on January 17, 2006, which was executed 11 months later. Plaintiff claims an Assistant United States Attorney (DeRosas) made him a fugitive "so that the Veterans Administration would stop [his] [benefits] check and told Social Security that he [had] already [been] convicted and incarcerated" so that those benefits would also stop.

Plaintiff was arrested in Kansas City, Missouri on December 27, 2006 and was returned to Buffalo. An arrest warrant signed by U.S. Magistrate Judge Hugh B. Scott (U.S. Magistrate Judge) was "filed" on January 9, 2007, and plaintiff appeared before Judge Scott on January 29, 2007. *See United States v. Yancey*, 07-CR-3A. Plaintiff was detained following a detention hearing and a suppression hearing was held in July 2007. Plaintiff alleges that during the hearing Magistrate Judge Scott spoke to one of the testifying officers in camera and had to prod another officer about the events at issue, and threatened to transfer plaintiff to the Buffalo Psychiatric Center. As a result of

---

[1]In light of the procedural posture of this, the recitation of facts is drawn exclusively from plaintiff's complaint, the contents of which must be accepted as true for purposes of this review. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

2

the detention hearing, which plaintiff claims led to the suppression of a statement but not the "cause of the hearing"--presumably the gun--plaintiff pled guilty in order to "obtain his freedom." Plaintiff pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), and was sentenced by the Hon. Richard J. Arcara to time served and a two year term of supervised release. United States v. Yancey, 07-CR-3A, Docket No. 43, Judgment.)

As noted, plaintiff had filed previously a similar lawsuit relating to his arrest and conviction in this Court alleging that the defendants therein, including Magistrate Judge Scott; Jorge DeRosas, the Assistant United States Attorney who prosecuted the criminal matter; Kimberly Schecter, the Assistant Federal Defender who was assigned to represent plaintiff; Terrence Newcombe, an attorney who plaintiff sought to retain in the criminal proceeding; two United States Probation Officers; three officers of the Buffalo Police Department who were the officers involved in the search of his apartment and testified at the suppression hearing; and an ATF Agent, conspired to violate his constitutional rights and caused him to be incarcerated. That action was dismissed sua sponte on numerous bases including (1) absolute judicial and prosecutorial immunity, (2) that the Assistant Public Defendant and private attorney were not persons acting under color of federal or state law for purposes of Bivens v. Six Unknown Named Agents, 403 U.S. 388, 398 (1971), and 42 U.S.C. § 1983, and (3) failure to state a claim upon which relief can be granted. Yancey v. Scott, 11-CV-0010S, Docket No. 5, Order.

The complaint herein is substantively little more than a disguised attempt to relitigate the claims that were dismissed previously in the prior action. Plaintiff names, rather than the City of Buffalo Police Officers who conducted the search of his

City of Buffalo (Mayor Bryon Brown) and the Buffalo Police Department (Commissioner Daniel Derenda), and he again names the Assistant Public Defender who represented him in the underlying criminal proceeding (Schecter) and a private attorney (Newcombe) who he claims he requested to represent him but, after speaking with Schecter, decided not to represent him and refused to return the retainer.

Plaintiff seeks 30 Million Dollars in "actual" damages and 80 Million Dollars in punitive damages against the City of Buffalo, and Ten Million Dollars in "actual" damages and 20.5 Million Dollars in punitive damages from Schecter and Newcombe. Plaintiff alleges that "[p]eople who take an oath to uphold the constitution and the laws of the land, seem to think that there is no moral or ethical responsibility in the job they perform. This case must come before the public. For whatever reason, this city is being turned back into the sixty's; is only known by a few, but it must be stopped."

### A. Plaintiff's Claims

The gravaman of plaintiff's complaint, as best the Court can discern, is that he was falsely arrested and wrongfully convicted based upon the conduct of the defendants. To the extent plaintiff alleges that Schecter and Newcombe violated his constitutional rights in some manner, the claims must again be dismissed against them for the same reasons the claims were dismissed against them in the first action--*i.e.*, as attorneys that either represented plaintiff or were sought to be retained to represent plaintiff in the underlying criminal prosecution, they were not "persons" acting under color of federal or state law for purposes of liability under either *Bivens* or 42 U.S.C. § 1983. *See, e.g., Respass v. New York City Police Dept.*, 852 F. Supp. 173, 178 (E.D.N.Y.

1994) (an attorney representing a client in a criminal trial, whether that attorney is a public defender, legal aid attorney or court-appointed counsel, is not acting under the color of federal or state law for purposes of Bivens or § 1983); see also Polk County v. Dodson, 454 U.S. 312 (1981) (criminal defense attorney is not a person acting under color of state law for purposes of 42 U.S.C. § 1983).

Plaintiff alleges that Schecter was dismissed in the prior action because Judge Telesca, the District Judge who issued the Order dismissing the prior action, stated that Schecter was not a federal employee "so plainitff is suing her along with the City of Buffalo. . . ." The Court is not certain what plaintiff intends to claim by this allegation but, in any event, Schecter, the attorney who represented plaintiff in the underlying criminal prosecution, is not subject to suit herein under either § 1983 or Bivens.

With respect to the City of Buffalo and Buffalo Police Department or the Mayor and Police Commissioner, the claims against them relating to plaintiff's arrest, the search of his apartment and/or conviction must be dismissed, as they were against the individual City of Buffalo Police officers in the prior action, because they fail to state a claim against them. Initially, if the defendants sued are the City of Buffalo and Buffalo Police Department, the claims against them must be dismissed because (1) there are no allegations that the challenged actions were performed pursuant to a municipal policy or custom of the City or its Police Department, see Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978); see also Collins v. City of Harker Heights, 503 U.S. 115, 121 (1992) (Municipalities are not subject to § 1983 liability solely on the basis of a respondeat superior theory.); and (2) the Buffalo Police Department is merely an arm of

the City, and does not have a legal identity separate and apart from the City and cannot be sued, see *Brockport v. County of Monroe Pure Waters Div.*, 75 A.D.2d 483, 486 (4th Dept. 1980), aff'd 54 N.Y.2d 678 (1981); *Loria v. Town of Irondequoit*, 775 F.Supp. 599, 606 (W.D.N.Y. 1990).

To the extent the claims are against the Mayor of the City of Buffalo and the Police Commissioner in their official capacities, said claims are equivalent to a claim against the City and therefore the claims are subject to dismissal for the reasons just discussed. See *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Gottlieb v. County of Orange*, 84 F.3d 511 (2d Cir. 1996). To the extent the claims are against the Mayor and Police Commissioner in their individual capacities, said claims are also subject to dismissal because these defendants cannot be sued under 42 U.S.C. § 1983 simply in their roles as supervisory officials. See *Monell*, 436 U.S. at 691-95 (plaintiff may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action). Personal involvement of a defendant in the alleged constitutional deprivation is a prerequisite to an award of damages under § 1983. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). There are absolutely no allegations that the Mayor and Police Commissioner were personally involved in any way in the alleged constitutional violations.

Accordingly, plaintiff's claims against the City of Buffalo and Buffalo Police Department or the Mayor and Police Commissioner are dismissed with prejudice and leave to replead is denied. See, e.g., *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) (leave to amend denied where futile) (citations omitted).

## CONCLUSION

For the reasons discussed above, the complaint is dismissed. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that the complaint is dismissed with prejudice;

FURTHER, that plaintiff's motion for an order directing service of the summons and complaint by the United States Marshals Service is denied as moot; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated: Nov 28, 2012
Rochester, New York

Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge